IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-13-63-F |
| | ) | |
| SPIROS G. "THE GREEK" ATHANAS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

### Introduction

1.   This document, in conjunction with a Supplement filed contemporaneously under seal and the compromise settlement agreement in the companion civil forfeiture case, Case No. CIV-13-587-F, contains the entire plea agreement between defendant, Spiros G. "The Greek" Athanas, and the United States through its undersigned attorney. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this agreement is hereby rejected by the United States. This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth above. This agreement binds only the United States Attorney's Office for the Western District of Oklahoma and the Organized Crime and Gang Section, United States Department of Justice, and does not bind any other federal, state or local prosecuting, administrative or

regulatory authority. As to the signatory parties only, and only for conduct and offenses occurring on or before the signing of this agreement, this agreement resolves any and all offenses related to and/or derived from defendant Athanas' bookmaking activities in connection with Olympic Sports, BetJamaica, and Legendz Sports, and his sports betting activities, including but not limited to any offenses related to the proceeds of any such activities and/or civil or criminal forfeiture actions for property or proceeds related to and/or derived from any such activities. It is further agreed that there will be no prosecution based on evidence derived from any monetary transaction related to the payment of forfeiture in this case.

## Guilty Plea

2. Defendant agrees to enter a plea of guilty to a three-count Superseding Information in Case Number CR-13-63 charging: Count 1 - aiding and abetting in conducting an illegal gambling business (as charged in Count 2 of the Superseding Indictment (Doc. 354)) in violation of Title 18, United States Code, Sections 1955 and 2; Count 2 - conducting an illegal gambling business related to activity in the Southern District of Florida in violation of Title 18, United States Code, Sections 1955 and 2; and Count 3 - transmission of wagering information in the Southern District of Florida in violation of Title 18, United States Code, Sections 1084 and 2. To be found guilty of violating Sections 1955 and 2, as charged in the Superseding Information, defendant must admit that he: 1) aided and abetted the conducting of an illegal gambling operation; 2) the operation violated the law of a State or political subdivision in which it

is conducted; 3) the operation involved five or more persons who conducted, financed, managed, supervised, directed or owned all or part of such business; and 4) had been or remained in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in a single day. To be found guilty of violating Section 1084, as charged in the Superseding Information, defendant must admit that he: 1) was a person engaged in the business of wagering; and 2) knowingly used a wire communication facility to transmit in interstate commerce information assisting in the placing of wagers on any sporting event.

### Maximum Penalty, Restitution and Special Assessments

3. The maximum penalty that could be imposed as a result of a guilty plea to each of Counts 1 and 2 of the Superseding Information is five (5) years imprisonment, a fine of $250,000.00, a term of supervised release of three (3) years, forfeiture, and a mandatory special assessment of $100.00. The maximum penalty that could be imposed as a result of a guilty plea to Count 3 of the Superseding Information is two (2) years imprisonment, a fine of $250,000.00, a term of supervised release of one (1) year, and a mandatory special assessment of $100.00.

In addition to the punishment described above, a plea of guilty can affect immigration status. If defendant is not a citizen of the United States, the effect of a guilty plea may result in deportation and removal from the United States, may prevent him from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization.

4. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing.

## Forfeiture

A. Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to $5,000,000.00, which represents the proceeds of and/or money used in the illegal gambling offenses for which the defendant has agreed to plead guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 1955(d); and Title 28, United States Code, Section 2461(c). Of the sum that the defendant agrees to forfeit herein, $123,993.97 shall be satisfied by the defendant's agreement to release any claim to Defendants 1, 2, 3, and 4 (contents of financial accounts in the following amounts: $96,982.98; $74.29; $2,093.11; and $24,843.59, respectively, for a total amount of $123,993.97) in the companion civil case, Case No. CIV-13-587-F, as referenced in Paragraph 1. The remaining $4,876,006.03 of the $5,000,000.00 shall be paid by the defendant, in certified funds made payable to the United States Marshals Service, on or before the sentencing.

B. Defendant agrees that the $5,000,000.00 represents the proceeds of and/or was used in the violations to which he is pleading guilty.

C. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

## Sentencing Guidelines

5.     The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence to a term of 12 months' probation is the appropriate disposition of the case. If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and insist that the case proceed to trial.

The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), if he commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all of the other terms of this agreement.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

## Waiver of Right to Appeal and Bring Collateral Challenge

6.     If the Court accepts the recommendation of the parties and imposes the sentence stated in paragraph 5 of this agreement, the parties agree that neither will file any appeal of the conviction or sentence in this case. Further, the defendant agrees that if

the Court imposes the recommended sentence he voluntarily and expressly waives all rights to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

### Waiver of Claim to Prevailing Party Status

7. Defendant expressly acknowledges that he is not a "prevailing party" within the meaning of 18 U.S.C. § 3006A with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. If defendant is represented by retained counsel, he voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under 18 U.S.C. § 3006A.

### Obligations of Defendant

8. Defendant shall commit no further crimes on or after the date of execution of this agreement. It is understood that, should defendant commit any further crimes after the date of execution of this agreement but prior to sentencing, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all of the charged offenses in the Superseding Indictment, as well as any and all new federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may

be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on venue as to the proposed plea (but expressly reserves all defenses based on venue should any trial occur regarding the offenses and/or conduct covered by this agreement or outlined in the Superseding Indictment and/or Superseding Information) and waives all defenses based on the statute of limitations as to any of the offenses in the Superseding Indictment and/or Superseding Information that are not time-barred on the date of this agreement is signed.

## The Obligations of the United States

9. If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss at sentencing the Indictment and the Superseding Indictment only as to defendant.

10. The United States reserves the right to inform the Probation Office and the Court of the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems relevant to sentencing.

11. Ability to withdraw plea: If defendant is charged with any federal criminal violation arising from the conduct described in paragraph one (1) of this agreement and/or the conduct outlined in the Superseding Information and/or the conduct outlined by the government during the establishment of a factual basis for defendant's guilty plea to the Superseding Information, the government will not oppose a request or

7

motion by the defendant to withdraw his guilty plea in this case and/or request the return of any forfeited proceeds.

## Signatures

12.   By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms. Further, defendant acknowledges that this document, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 21st day of July, 2015.

**APPROVED:**

_____
SCOTT E. WILLIAMS
Deputy Chief, Criminal Division

SANFORD C. COATS
United States Attorney

_____
TRAVIS D. SMITH
Assistant U.S. Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)

JOHN HAN
Trial Attorney
Organized Crime and Gang Section
U.S. Department of Justice

_____
SPIROS G. ATHANAS
Defendant

_____
ROBERT M. GOLDSTEIN
Attorney for Defendant

8

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEFENDANT NO. 1: CONTENTS OF ACCOUNT # xxxxx7075, IN THE APPROXIMATE AMOUNT OF $96,982.98, LOCATED AT BANK OF NEW HAMPSHIRE, F/K/A LACONIA SAVINGS BANK, IN THE NAME OF SPIROS G. ATHANAS, ET AL., | ) ) ) ) ) ) ) | Case No. CIV-13-587-F |
| | ) | |
| Defendants. | ) | |

**STIPULATION FOR COMPROMISE SETTLEMENT**

It is hereby stipulated by and between Plaintiff United States of America, by and through Sanford C. Coats, United States Attorney, and R. D. Evans, Jr., Assistant United States Attorney, Claimants Spiros Athanas and Joanne M. Athanas, by and through their attorney, Robert M. Goldstein, and Claimants John Athanasopoulos, Spiros G. Athanasopoulos, Jr., George Athanas, and Alexander Athanas, by and through their attorney, Robert Weinstein, as follows:

1. Plaintiff and Claimants do hereby agree to settle and compromise the above entitled action upon the terms indicated below and those terms set forth in the Plea Agreement executed by Claimant Spiros Athanas in *United States v. Bartice A. King, et al.*, Case No. CR-13-063-F, United States District Court for the Western District of Oklahoma, which is incorporated herein.

2.   As consideration for the agreements reached in the Plea Agreement executed by Claimant Spiros Athanas in Case No. CR-13-063-F, and as further consideration for the resolution of the above-captioned matter, Spiros Athanas has agreed to a criminal forfeiture of $5,000,000.00. As partial satisfaction of said forfeiture, Claimants hereby agree to the forfeiture of Defendants *in rem* Nos. 1, 2, 3 and 4 in Case No. CIV-13-587-F. The parties agree and do hereby stipulate that Defendants *in rem* Nos. 1, 2, 3 and 4 are the contents of financial accounts in the following amounts: $96,982.98, $74.29, $2,093.11, and $24,843.59, respectively, for a total sum of $123,993.97.

3.   As for the balance of the $5,000,000.00 that Claimant Spiros Athanas has agreed to forfeit as set forth in the Plea Agreement in Case No. CR-13-063-F, the parties agree and do hereby stipulate that Claimant Spiros Athanas shall pay the remaining balance of $4,876,006.03 in certified funds made payable to the United States Marshals Service on or before the date Claimant Spiros Athanas is sentenced in Case No. CR-13-063-F.

4.   In consideration for Claimant Spiros Athanas's agreement to plead guilty in the related criminal case and to forfeit $5,000,000.00 under the terms described herein and in the Plea Agreement in Case No. CR-13-063-F, including Claimants' agreement to the forfeiture of Defendants *in rem* Nos. 1, 2, 3 and 4 herein, Plaintiff United States of America agrees to release and dismiss with prejudice its forfeiture claims to the following:

a.   Defendant No. 5:  82 Bowditch Avenue, Peabody, Massachusetts;

b.   Defendant No. 6:  159 Jefferson Drive, Washington, New Hampshire;

c.   Defendant No. 7:  Lots 277 and 278, Lincoln Drive, Washington, New Hampshire;

d.     Defendant No. 8: 27 Bar Link Way, Unit 81, Bldg. 14, Swampscott, Massachusetts;

e.     Defendant No. 9: 82 Andover Street, Peabody, Massachusetts;

f.     Defendant No. 10: 86 Andover Street, Peabody, Massachusetts;

g.     Defendant No. 11: 391 Western Avenue, Lynn, Massachusetts;

h.     Defendant No. 12: 239 Main Street, Middleton, Massachusetts;

i.     Defendant No. 13: 382 Ocean Avenue, Unit 1707, Revere, Massachusetts;

j.     Defendant No. 14: 186 Gunstock Hill Road, Gilford, New Hampshire;

k.     Defendant No. 15: 2075 S. Willow Street, Manchester, New Hampshire;

l.     Defendant No. 16: 100 Birney Street, Unit 8A, Peabody, Massachusetts;

m.     Defendant No. 17: 176 Gunstock Hill Road, Gilford, New Hampshire;

n.     Defendant No. 18: 166 Gunstock Hill Road, Gilford, New Hampshire;

o.     Defendant No. 19: 42 Airport Road, Gilford, New Hampshire;

p.     Defendant No. 20: 158 Gunstock Hill Road, Gilford, New Hampshire;

q.     Defendant No. 21: Rockwell International Corporation, Sabreliner, NA-265-65, serial number 465-48, U.S. registration number N265CP; and

r.     17 Watson Road, Gilford, New Hampshire (listed in the Bill of Particulars for Forfeiture in CR-13-063-F, Doc. #346).

5.     Plaintiff agrees that, upon receipt by the United States Marshals Service of the $4,876,006.03 in certified funds, the United States will provide to Claimants, through their counsel of record, recordable Releases of *Lis Pendens* as to Defendants Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 22, and as to 17 Watson Road, Gilford,

New Hampshire.

6.  Claimants agree to hold and save harmless, release, and forever discharge the United States of America, the United States Attorney for the Western District of Oklahoma, the United States Marshals Service (USMS), the Federal Bureau of Investigation (FBI), all assisting federal, state and local law enforcement agencies, and their officers, agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which Claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, forfeiture and/or settlement of the defendant properties.

7.  Claimants and Plaintiff agree that this is a final agreement, and waive all rights to appeal, and all rights to costs and attorneys' fees under any provision of law, including but not limited to 28 U.S.C. §2412 and 28 U.S.C. § 2465.

8.  Each party agrees that it shall bear its own costs.

Respectfully submitted,

SANFORD C. COATS,
United States Attorney

Dated: 29 July 2015

R. D. EVANS, JR.
Assistant U.S. Attorney
Louisiana Bar No. 20805
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Phone: (405) 553-8700

Email: don.evans@usdoj.gov
Counsel for Plaintiff United States of America

Dated: July 29, 2015

Robert M. Goldstein
Massachusetts Bar No. 630584
Law Office of Robert M. Goldstein
20 Park Plaza, Suite 1000
Boston, MA 02116
Phone: (617) 742-9015
Email: rmg@goldstein-lawfirm.com
Counsel for Claimants Spiros Athanas and Joanne M. Athanas

Dated: July 29, 2015

Robert Weinstein
Massachusetts Bar No. 520600
Law Office of Robert Weinstein
87 Allen Avenue
Waban, MA 02468
Phone: (617) 964-9454
Email: rw@weinstein-law.net
Counsel for Claimants John Athanasopoulos, Spiros G. Athanasopoulos, Jr., George Athanas, and Alexander Athanas